UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TANYA MANLEY,

      Plaintiff,

  -against-         MEMORANDUM AND ORDER
HON. ANN E. O'SHEA et al., Family Court  12-CV-5230 (RRM)(LB)
Brooklyn; BARBRA J. SABOL et al.; Commissioner
of Human Resources Administration,

      Defendants.
-------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

   Plaintiff Tanya Manley, proceeding *pro se*, brings this action alleging that the procedure
utilized during the child custody determination to which she was a party and the determinations
of the city welfare agency regarding the payment of benefits violated her rights under the United
States Constitution. Plaintiff's request to proceed *in forma pauperis* is granted solely for the
purpose of this Order pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the action is
dismissed.[1]

## BACKGROUND

   The Court has reviewed plaintiff's 132 page complaint and its 133 pages of attachments.
Plaintiff's allegations concern (1) the state court's decision regarding custody of her son, (2) the
alleged theft of welfare funds paid to her in 2009, and (3) social security benefits due to her son.

---

[1] Plaintiff also seeks the appointment of counsel. As discussed herein, plaintiff has failed to assert viable claims and
as such, her request is denied.

Deloris Jordan is the custodial parent of plaintiff's son, J.R.M.,[2] who was born on July 19, 2000. Jordan has had custody of J.R.M. since June 30, 2009, shortly after plaintiff was incarcerated on charges of fraud, identity theft, and grand larceny. Since her release in 2011, plaintiff has occasionally visited her son and has been granted visitation privileges by the state court, but custody of her son remains with Jordan. On July 19, 2012, plaintiff filed a petition in state court seeking to modify the prior order of custody; the next scheduled appearance in Family Court was October 18, 2012.

Plaintiff also alleges that there is a dispute about court-ordered retroactive payment totaling $11,285.00 from the New York City Human Resources Administration ("HRA"). HRA maintains that plaintiff collected the benefits on April 30, 2009 by using her personal identification number, but was subsequently arrested and the funds were confiscated by the Department of Correction. The Department of Correction maintains that neither it nor the state court in which she was prosecuted confiscated the funds and that they should be returned to her. Plaintiff alleges the funds were stolen. There was apparently a decision regarding the controversy entered on August 16, 2012 by the State of New York, Office of Temporary and Disability Assistance, but the substance of that decision is unclear from the plaintiff's complaint and attachments.

Plaintiff also attaches several documents concerning the collection of overpayment of social security benefits to her and also alleges that the social security benefits due to her son should be redirected to her, not to Jordan.

## STANDARD OF REVIEW

---

[2] The name of plaintiff's minor son has been redacted to protect his identity. Fed. R. Civ. P. 5.2(a).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

Moreover, a plaintiff must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. If a federal court "determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514.

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and

substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Custody Claims

#### 1. Domestic Relations Exception to Jurisdiction

The federal courts have customarily declined to intervene in the realm of domestic relations. "Long ago [the Supreme Court] observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (holding that adjudicating former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, district court did not have subject matter jurisdiction); *Neustein v. Orbach*, 732 F. Supp. 333, 339–40 (E.D.N.Y. 1990) (district court held that it lacked jurisdiction because it could not resolve factual disputes connected to domestic relations). Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody. *See Abidekun v. New York City Bd. Of Ed.*, No. 94-CV-4308, 1995 WL 228395, at *1 (E.D.N.Y. Apr. 6, 1995); *McArthur*, 788 F. Supp. at 708 (E.D.N.Y. 1992); *Neustein,* 732 F. Supp. at 339.

Here, plaintiff seeks to obtain the same relief she seeks in an ongoing state court proceeding – namely, custody of her son. She argues that her signature was forged and she thought she was only giving temporary custody to Jordan. If this Court were to allow plaintiff to pursue this action, it would be forced to "re-examine and re-interpret all the evidence brought before the state court" in the earlier proceedings. *McArthur*, 788 F. Supp. at 709. As such, this action is barred by the domestic relations exception to this Court's jurisdiction. Whereas ordinarily the Court would allow plaintiff an opportunity to amend her complaint, *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000), it need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction.[3]

### 2. Immunity

Moreover, the Honorable Ann E. O'Shea enjoys absolute immunity from suits for damages for judicial acts performed in her judicial capacity. *See Warden v. Dearie*, 172 F.3d 39 (2d Cir. 1999) (table) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (holding that judges are immune to suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction)).

## B. Welfare Payment Claims

Plaintiff alleges that her Fourteenth Amendment rights were violated because she did not receive public assistance benefits to which she was entitled. (Compl. at 10.) She seeks damages of nine hundred ninety-nine million dollars. *Id.* Plaintiff does not specifically identify in the complaint the basis for subject matter jurisdiction and, in the absence of any such identification,

---

[3] The Court notes that to the extent plaintiff is challenging any final decisions by the family court, the *Rooker-Feldman* doctrine precludes this court from exercising jurisdiction in this matter. Under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a United States District court has no authority to review final judgments of a state court in judicial proceedings, except for the constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. *See Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002) (plaintiff's claims attacking the family court's decision regarding custody, neglect, and visitation are barred by *Rooker-Feldman*).

the Court liberally construes the complaint as filed under 42 U.S.C. § 1983. Plaintiff names as defendant to this claim the Commissioner of HRA, Barbara J. Sobel.[4]

HRA is a city agency. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Thus, as an agency of the City of New York, HRA lacks independent legal existence and cannot be sued under § 1983. *Koulkina v. City of New York*, No. 06 Civ. 11357, 2009 WL 210727, at *6 (S.D.N.Y. Jan. 29, 2009); *Cincotta v. New York City Human Res. Admin.*, 00 Civ. 9064(JGK), 2001 WL 897176, at *10 (S.D.N.Y. Aug. 9, 2001) ("[T]his lawsuit must be dismissed against HRA and the Corporation Counsel because neither entities are suable"); *Rivera v. City of New York*, 95 Civ. 3308(LAP), 1997 WL 539776, at *6 (S.D.N.Y. Aug. 28, 1997) (dismissing the action against the HRA because "the capacity to sue and be sued is not among the powers granted to HRA"); *American Tel. & Tel. Co. v. New York City Dep't of Human Res.*, 736 F. Supp. 496, 498 (S.D.N.Y. 1990) (holding that HRA's participation in settlement negotiations and other state litigation did not waive its defense that it lacked the capacity to be sued). Accordingly, plaintiff's § 1983 claim against defendant HRA is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Claims asserted individually against Commissioner Sabol, or her successor Commissioner Doar, must also be dismissed because the Complaint fails to allege any personal involvement by of the Commissioner of HRA in the distribution or denial of re-issuance of public assistance benefits to plaintiff, an essential element in order to sustain a claim pursuant to § 1983. *See Ashcroft*, 55 U.S. at 678. Here, plaintiff has failed to plead any individual actions

---

[4] Barbara Sabol is no longer the Commissioner of HRA; that position is currently held by Robert Doar.

on the part of the Commissioner.  Thus, plaintiff's claim for damages against HRA and its

Commissioner are dismissed. 28 U.S.C. § 1915(2)(2)(B).

If plaintiff is seeking to bring a claim against the municipality, then she must name the

City of New York as a defendant (which she has not done).  In any event, in order to sustain a

claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New

York, plaintiff must show the existence of an officially adopted policy or custom that caused

injury and a direct causal connection between that policy or custom and the deprivation of a

constitutional right.  *Bd. of County Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403

(1997) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)). Even

when liberally construed, the present complaint cannot reasonably be interpreted as alleging facts

sufficient to demonstrate that plaintiff suffered any damages as a result of any policy or custom

of the City of New York.

**C.  Redaction of Filings Pursuant to Fed. R. Civ. P. 5.2**

Pursuant to Fed. R. Civ. P. 5.2(a), a filing with the court "that contains . . . the name of an

individual known to be a minor" may include only the minor's initials.  *See also* Guidelines for

Compliance with the August 2, 2004 Amendments to the E-Government Act of 2002, *available

at* http://www.nyed.uscourts.gov/sites/default/files/general-ordes/adminorder04-09.pdf.

Plaintiff's complaint and IFP request, however, contain the name of her minor son in unredacted

form.  To protect the privacy of plaintiff's minor son, the Court orders that the following

documents be placed under seal: (1) the complaint (Doc. No. 1), and (2) plaintiff's IFP request

(Doc. No. 3).

**CONCLUSION**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction,  Fed. R.

Civ. P. 12 (h)(3), and because plaintiff has failed to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B).  The Clerk of Court is respectfully directed to place Doc. Nos. 1 and 3 under seal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Order and the accompanying judgment to plaintiff, and close this case.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       August 5, 2013